Herbert L. **PAYNE**, Plaintiff,

v.

**BLUE BELL, INC.**, Defendant.

No. C–79–82–G.

United States District Court,
M.D. North Carolina,
Greensboro Division.

Nov. 23, 1982.

Norman B. Smith of Smith, Patterson, Follin, Curtis, James & Harkavy, Greensboro, N.C., for plaintiff.

W.T. Cranfill, Jr. of Blakeney, Alexander & Machen, Charlotte, N.C., Richard M. Warren, House Council, Blue Bell, Inc., Greensboro, N.C., for defendant.

## MEMORANDUM ORDER

HIRAM H. WARD, Chief Judge.

This matter came on for jury trial on November 4, 1982. Plaintiff sought relief under 42 U.S.C. § 1981 and Title VII, 42 U.S.C. § 2000e–5, for defendant's allegedly racially discriminatory action in discharging him from employment. At the beginning of the trial, plaintiff stated that he was voluntarily dismissing his cause of action under Title VII and proceeding on the § 1981 claim alone. At the close of plaintiff's evidence defendant moved for a directed verdict in its favor. Fed.R.Civ.P. 50. Finding that plaintiff had not presented sufficient evidence upon which the jury could properly find that defendant had discriminated against him, the Court granted defendant's motion.

■ On a motion for directed verdict, the test is whether, viewing the evidence in the light most favorable to the nonmovant, there is substantial evidence to support a verdict in his favor. *Brady v. Allstate Insurance Co.,* 683 F.2d 86, 89 (4th Cir.1982); 9 C. Wright & A. Miller, *Federal Practice & Procedure* § 2524 (1971).

■ Plaintiff, a white man, complains of disparate treatment, alleging that defendant discharged him because of his race. Complaint ¶ 8 (July 12, 1979). Defendant countered that plaintiff had been discharged for violating his supervisor's express instruction to stop making derogatory comments as proscribed by the employee handbook. Final Pre-Trial Order ¶ 5 (May 29, 1980). In individual discrimination cases the plaintiff must meet the threshold requirement of proving by a preponderance of the evidence that his discharge occurred "under circumstances which give rise to an inference of unlawful discrimination." *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207, 215 (1981).[1] Disparate treatment occurs when "the employer ... treats [an employee] *less favorably than others* because of [his] race, color, religion, sex or national origin." *International*

1. In general, the criteria of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), apply in § 1981 employment discrimination cases. *Lewis v. Central Piedmont Community College,* 689 F.2d 1207 (4th Cir.1982). However, it is not clear whether a white plaintiff claiming reverse discrimination is automatically entitled to the presumption created by the *McDonnell Douglas* prima facie case. *Compare Brady v. Allstate Insurance Co.,* 683 F.2d 86, 88 (4th Cir.1982) *with Parker v. B. & O. R.R. Co.,* 652 F.2d 1012 (D.C.Cir.1981). In any event, counsel for plaintiff conceded that he did not rely on *McDonnell Douglas.* Mindful that "the *McDonnell Doug-* *las* pattern [is not] the only means of establishing a prima facie case of individual discrimination," the Court analyzed plaintiff's proof in light of the general principle that he "must carry the initial burden of offering evidence adequate to create an inference that an employment decision was based on a discriminatory criterion..." *International Bhd. of Teamsters v. United States,* 431 U.S. 324, 358, 97 S.Ct. 1843, 1866, 52 L.Ed.2d 396, 429 (1977); *see also Cline v. Roadway Express, Inc.,* 689 F.2d 481 (4th Cir.1982) (*McDonnell Douglas* criteria need not be followed if there is sufficient other evidence on motivation).

*Brotherhood of Teamsters v. United States,* 431 U.S. 324, 335 n. 15, 97 S.Ct. 1843, 1854 n. 15, 52 L.Ed.2d 396, 415 n. 15 (1977) (emphasis added). Thus, evidence of some differential treatment is necessary to raise the inference of discrimination. *See, e.g., Green v. Armstrong Rubber Co.,* 612 F.2d 967 (5th Cir.), *cert. denied,* 449 U.S. 879, 101 S.Ct. 226, 66 L.Ed.2d 102 (1980) (where black employee was aggressor in fight using dangerous work tool, fact that he was discharged, while white employee was only suspended, did not establish prima facie case); *Fong v. American Airlines, Inc.,* 626 F.2d 759 (9th Cir.1980) (although employee may have been correct that work rule was not consistently applied, no prima facie case made when it was not shown that the rule was selectively enforced on the basis of race); *Sullivan v. Boorstin,* 484 F.Supp. 836 (D.D.C.1980) (although dismissal was concededly harsh penalty, judgment in favor of defendant was proper where plaintiff failed to show that similar misconduct provoked lesser penalty in other circumstances).

Plaintiff's evidence showed that at the time he worked for defendant Blue Bell, Inc. (Blue Bell), there were both white and black employees at the loading dock. It was a common practice for the employees to use racially oriented words such as "boy" and "cracker" when talking to each other. One of plaintiff's witnesses testified that the supervisors at Blue Bell had said this practice would have to stop.

The day before he was terminated, plaintiff called Vernon Brown, the black dock foreman, "boy." Brown complained. Plaintiff's supervisor subsequently told plaintiff that he must not make any more racial remarks or derogatory remarks about the company. The next day plaintiff made another remark about Brown. Defendant discharged him that afternoon.[2]

The evidence also showed that no white workers ever complained to management about racial epithets used by blacks and that on another occasion, when a black and a white employee got into an altercation, both employees were counseled by the supervisor. Two of plaintiff's coworkers testified that blacks and whites were treated the same. One witness described the supervisor as a "very strict boss" who expected people to do what he told them.

██ When viewed in the light most favorable to him, plaintiff's evidence fails to suggest any inference of racial discrimination. Plaintiff presented no direct evidence of racially discriminatory intent. Plaintiff's circumstantial evidence likewise raised no such inference. There was no evidence that black employees had engaged in similar conduct without being similarly warned or disciplined. Plaintiff presented no evidence that a black replaced him. The evidence simply showed that the defendant discharged the plaintiff shortly after an incident involving racial remarks. This alone does not raise an inference of unlawful discrimination. The Civil Rights Acts do not protect against unfair or unwise actions by employers, but only against employment decisions which are discriminatory. The question of whether the employer's penalty was harsh, unfair or inappropriate was not at issue in the case. Absent some showing of discrimination, "the choice of discipline is a matter left to the employer's best business judgment . . ." *Sullivan v. Boorstin,* 484 F.Supp. at 842–43.

IT IS, THEREFORE, ORDERED that plaintiff's claim for relief under 42 U.S.C. § 2000e–5 be, and the same hereby is, DISMISSED.

IT IS FURTHER ORDERED that defendant's Motion for Directed Verdict as to the 42 U.S.C. § 1981 claim be, and the same hereby is, GRANTED.

---

**2.** Plaintiff contended that he did not intend his remark to be derogatory and presented witnesses who testified that the comment was made in an ordinary tone of voice. Nonetheless, the employer interpreted the remark as a violation of his express instruction of the previous day, which he was entitled to do. Absent discrimination, an employer may discharge its employee for "good reason, bad reason or no reason at all . . ." *Tims v. Board of Education of McNeil, Arkansas,* 452 F.2d 551, 552 (8th Cir.1971); *accord, Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 259, 101 S.Ct. 1089, 1096, 67 L.Ed.2d 207, 219 (1981).

A Judgment dismissing this action will be entered accordingly.