5 F.3d 540
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 May SUN, Plaintiff-Appellant,
v.
ASIAN AMERICAN RECOVERY SERVICES, INC., Defendant-Appellee.
 No. 92-15067.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 14, 1993.
Decided Sept. 1, 1993.
 
 Appeal from the United States District Court for the Northern District of California, No. CV-89-02671-DLJ; D. Lowell Jensen, District Judge, Presiding.
 N.D.Cal.
 AFFIRMED.
 Before: GOODWIN, HUG, and FLETCHER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 May Sun ("Sun") alleges that Asian American Recovery Services, Inc. ("AARS") terminated her from her position as a substance abuse counselor because she is a woman, in violation of Title VII of the Civil Rights Act of 1964. The district court granted summary judgment in favor of AARS on the ground that Sun failed to state a prima facie case of employment discrimination. Sun appeals.
 
 
 3
 The district court had jurisdiction pursuant to 28 U.S.C. Sec. 1331 and 42 U.S.C. Sec. 2000e-5(f)(3). We exercise jurisdiction over this timely appeal pursuant to 28 U.S.C. Sec. 291.
 
 I.
 
 4
 We review de novo the district court's decision to grant summary judgment in favor of AARS. See Jones v. Union Pac. R.R. Co., 968 F.2d 937, 940 (9th Cir.1992); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 629 (9th Cir.1987). We must determine, viewing the evidence in the light most favorable to Sun, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. See Federal Deposit Ins. Corp. v. O'Melveny & Myers, 969 F.2d 744, 747 (9th Cir.1992); Tzung v. State Farm Fire and Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 
 
 5
 To survive summary judgment, Sun was required to allege specific facts that establish the existence of a prima facie case of discrimination. See Stallcop v. Kaiser Foundation Hosps., 820 F.2d 1044, 1050 (9th Cir.), cert. denied, 484 U.S. 986 (1987); Jurado v. Eleven-Fifty Corp., 813 F.2d 1406, 1409 (9th Cir.1987); Yartzoff v. Thomas, 809 F.2d 1371, 1374 (9th Cir.1987). To establish a prima facie case of discrimination, a plaintiff must show she is a member of a protected class. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Lindahl v. Air France, 930 F.2d 1434, 1437 (9th Cir.1991). Sun could have established a prima facie case by producing direct evidence of discrimination. See Palmer v. United States, 794 F.2d 534, 537 n. 1 (9th Cir.1986). In the absence of direct evidence of discrimination, Sun could have established a prima facie case of discriminatory discharge for a violation of workplace rules by demonstrating either that she did not violate the rules or that, if she did, male employees who engaged in similar acts were not punished similarly. See Green v. Armstrong, 612 F.2d 967, 968 (5th Cir.), cert. denied, 449 U.S. 879 (1980); see also Fong v. American Airlines, Inc., 626 F.2d 759, 762 (9th Cir.1980). The burden then shifts to AARS to offer a legitimate reason for terminating Sun. "[W]hen the employer produces legitimate, nondiscriminatory reasons for the employment decision, the inference of discrimination is rebutted." Lindahl, 930 F.2d at 1437. The plaintiff then would have the burden of producing some evidence of "specific facts showing that there remains a genuine factual issue for trial" and evidence " 'significantly probative' as to any [material] fact claimed to be disputed." Steckl v. Motorola, Inc., 703 F.2d 392, 393 (9th Cir.1983) (quoting Ruffin v. County of Los Angeles, 607 F.2d 1276, 1280 (9th Cir.1979), cert. denied, 445 U.S. 951 (1980)). If a plaintiff succeeds in raising a genuine factual issue regarding the authenticity of the employer's stated reason, summary judgment is inappropriate because it is for the trier of fact to decide which story is to be believed.[1]
 
 
 6
 As an Asian-American woman, Sun is a member of a protected class. She was terminated, and her co-workers were not. Nevertheless, the district court found Sun failed to establish a prima facie case by direct or indirect evidence. We agree. Sun's case is fundamentally weak because it is clear that she violated AARS workplace rules. Asserting a lack of memory as to her conduct is insufficient to demonstrate that she did not behave in the manner charged. Moreover, the evidence she presented regarding her co-workers fell far short of a showing that their conduct was as egregious as hers. The record discloses that these workers were subjected to disciplinary actions although admittedly less severe than those plaintiff received.
 
 II.
 
 7
 We review the district court's decision to admonish Sun's counsel for refusing to allow opposing counsel to depose Sun for an abuse of discretion. See Chambers v. Nasco, 498 U.S. 807, ----, 111 S.Ct. 2123, 2138 (1991). The district court found that "Ms. Wallace clearly violated Magistrate Wilken's order...." District Court Order at 20. There is ample evidence in the record to support such a finding. Thus, we conclude that the district court's reprimand was not an abuse of discretion.
 
 
 8
 As the district court's decision to reprimand Ms. Wallace and not to impose any further sanction against her was not an abuse of discretion, AARS' request for sanctions is denied.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Recently, the Supreme Court held that even when the plaintiff is successful in demonstrating that the employer's proffered reason is pretextual, the factfinder is not compelled to find unlawful discrimination. St. Mary's Honor Ctr. v. Hicks, 61 U.S.L.W. 4782 (U.S. June 25, 1993) (No. 92-602). However, the factfinder may infer discrimination from the showing of pretext:
 The factfinder's disbelief of the reasons put forward by the defendant (particularly if disbelief is accompanied by a suspicion of mendacity) may, together with the elements of the prima facie case, suffice to show intentional discrimination. Thus, rejection of the employer's proffered reasons, will permit the trier of fact to infer the ultimate fact of intentional discrimination, and ... upon such rejection, "no additional proof of discrimination is required. "
 Id. at 4784 (citation and footnote omitted). Because, as the Court in St. Mary's recognized, the factfinder in a Title VII case is entitled to infer discrimination from plaintiff's proof of a prima facie case and showing of pretext without anything more, there will always be a question for the factfinder once a plaintiff establishes a prima facie case and raises a genuine issue as to whether the employer's explanation is true. Such a question cannot be resolved on summary judgment. But see St. Mary's, 61 U.S.L.W. at 4791 (Souter, J. dissenting).