Richard L. GABEL, Plaintiff,

v.

**COMMISSIONER OF THE INTERNAL
REVENUE SERVICE, Defendant.**

No. C–94–0989 DLJ.

United States District Court,
N.D. California.

Dec. 23, 1994.

Richard L. Gabel, pro se.

Asst. U.S. Atty. Jay R. Weill, for I.R.S.

### ORDER

JENSEN, District Judge.

On October 12, 1994, the Court heard arguments on cross-motions for summary judgment. Mr. Gabel represented himself, and Assistant United States Attorney Jay R. Weill represented the IRS. Having considered the arguments of the parties and the papers submitted, the Court hereby GRANTS the IRS's motion for summary judgment and DENIES Gabel's summary judgment motion. Gabel's motion for a *Vaughn* index and motion to strike are also denied.

### I. BACKGROUND

#### A. *Factual Background and Procedural History*

Gabel submitted four FOIA requests to the IRS. He asked for various assessment documents containing information relevant to him. He received some documents, but was not satisfied with the overall response. He consequently filed suit against the IRS, seeking an order compelling the IRS to produce additional documents. The IRS asserts that it withheld in whole or in part only eight pages of documents that are responsive to Gabel's request, and cites specific exemptions that prevent it from allowing Gabel to see them. Both sides moved for summary judgment, and Gabel moved for an order requiring the IRS to produce a *Vaughn* index describing all withheld documents.

On October 12, 1994, the day of the hearing on the summary judgment motions, Gabel filed an additional document entitled "Affidavit in support of Plaintiff Cross Motion for Summary Judgment and Motion for Vaughn Index." Because the IRS had not had an opportunity to review that document, the Court deferred ruling on the motions, and gave the IRS the opportunity to file a response, which it did on October 26. Gabel filed a motion to strike that document on November 10, and the IRS filed a response to that motion on November 26, 1994.

#### B. *Legal Standard*

The Federal Rules of Civil Procedure provide for summary adjudication when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

In a motion for summary judgment, "[i]f the party moving for summary judgment meets its initial burden of identifying for the court those portions of the materials on file that it believes demonstrate the absence of any genuine issues of material fact," the burden of production then shifts so that "the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, '*specific facts* showing that there is a genuine issue for trial.'" *T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 630 (9th Cir.1987) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)); *Kaiser Cement Corp. v. Fischbach & Moore, Inc.,* 793 F.2d 1100, 1103–04 (9th Cir.), *cert. denied,* 479 U.S. 949, 107 S.Ct. 435, 93 L.Ed.2d 384 (1986).

On cross motions for summary judgment, the burdens faced by the opposing parties vary with the burden of proof they will face at trial. When the moving party will have the burden of proof at trial, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." William W. Schwarzer, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact,* 99 F.R.D. 465, 487–488 (1984).

In contrast, a moving party who will not have the burden of proof at trial need only point to the insufficiency of the other side's evidence, thereby shifting to the nonmoving party the burden of raising genuine issues of fact by substantial evidence. *T.W. Electric,* 809 F.2d at 630 *citing Celotex,* 477 U.S. at 323, 106 S.Ct. at 2552–53; *Kaiser Cement,* 793 F.2d at 1103–04.

In judging evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence, and draws all inferences in a light most favorable to the nonmoving party. *T.W. Electric,* 809 F.2d at 630–31 (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)); *Ting v. United States,* 927 F.2d 1504, 1509 (9th Cir.1991).

In meeting their burdens, each party must come forward with admissible evidence. Fed.R.Civ.P. 56(e). Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *See Falls Riverway Realty, Inc. v. Niagara Falls,* 754 F.2d 49 (2nd Cir.1985); *Thornhill Pub. Co., Inc. v. GTE Corp.,* 594 F.2d 730, 738 (9th Cir.1979). Hearsay statements found in affidavits are inadmissible. *See, e.g., Fong v. American Airlines, Inc.,* 626 F.2d 759, 762–63 (9th Cir. 1980). The party who will have the burden of proof must persuade the Court judgment that it will have sufficient admissible evidence to justify going to trial.

## II. ARGUMENTS

The primary issue in this case is whether the government has given a sufficient explanation for its refusal to provide Gabel with some of the materials that are responsive to his request. Gabel has asked for an order along the lines of the one in *Vaughn v. Rosen,* 484 F.2d 820 (D.C.Cir.1973), *cert. denied,* 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974). There, the requester explained that he was unable to respond to the government's claim of FOIA exemptions because he did not know enough about the documents to be able to discern whether the government's position was accurate. The court responded by instructing the government to generate "a relatively detailed analysis in manageable segments" of the documents in question. *Id.* at 826.

In this case, the IRS has asserted exemptions for eight pages, and offered supporting affidavits. Gabel counters that he lacks the information to evaluate the IRS's position. This case, however, is very different from *Vaughn,* and the government in this case has given adequate explanations. One of *Vaughn's* concerns was that the government might seek to exclude large documents even when only a small portion was subject to an exemption. *Id.* at 827. Here, the IRS has isolated individual pages that it feels are not disclosable. Moreover, it has given an elaborate explanation of each page it is withholding. It is difficult to see what additional information about the documents Gabel would like. He states that he would like the court to "require defendants to correlate the statements in their justification to actual portions of the requested records." Yet the IRS

has already done this in its memorandum in support of summary judgment.

The "affidavit" Gabel filed on October 26, 1994 does not conform to the requirements of Civil Rule 56. Its focus is on argument rather than assertions of fact, and it is unsworn. It adds little to the papers filed previously. To the extent that it argues in a conclusory fashion that the IRS has not responded to various aspects of Gabel's requests, the Court is satisfied by the detailed analysis that the IRS has submitted. To the extent that the "affidavit" criticizes the documents the IRS produced because Gabel does not understand them, this does not create a genuine issue of material fact regarding whether there has been a violation of FOIA. The government's responsibility under FOIA is to release specified documents unless a FOIA exception covers the documents; it is not to revamp documents or generate exegeses so as to make them comprehensible to a particular requestor.

Almost without exception, the IRS has given Gabel the documents he requested. The IRS has provided adequate justification for the eight pages it withheld in part or in full. Summary judgment is granted in favor of Defendant IRS.

IT IS SO ORDERED.