86 F.3d 1163
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles G. NEAL, Plaintiff-Appellant,
v.
CONTINENTAL AIRLINES, INC., a Delaware corporation,
Defendant-Appellee.
 No. 94-55635.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 17, 1995.
Decided May 31, 1996.
 
 Before: FLETCHER, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiff-Appellant Charles Neal, a Black male who was 49 years of age at the time of the events at issue, was discharged by Continental Airlines in February 1991. Neal sued Continental Airlines in state court for race and age discrimination in violation of the California Fair Employment and Housing Act (FEHA), Cal. Gov't Code § 12900 et seq. (West 1992). Continental removed the case to federal court on the basis of diversity of citizenship. The district court granted summary judgment for Continental, which we review de novo. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), cert. denied, 116 S.Ct. 1261 (1996).
 
 
 3
 We do not set forth the facts from which Neal's claims arose, as the parties are familiar with them. For purposes of decision we assume, without deciding, that Neal established a prima facie case of discrimination under the formulation of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).[1] Continental, however, offered a "legitimate, nondiscriminatory reason," id. at 802, for Neal's discharge--his insubordination. Neal has failed to present evidence sufficient to raise a genuine issue of material fact that Continental's articulated reason was pretextual. See Wallis v. J.R. Simplot Co., 26 F.3d 885, 890 (9th Cir.1994); Washington v. Garrett, 10 F.3d 1421, 1433 (9th Cir.1993).
 
 
 4
 In light of his well-documented history of insubordination at Continental, Neal has not offered evidence from which a rational jury could infer that Continental fired him because of his race or age rather than because he was insubordinate. Neal offered the fact that his supervisor on occasion had referred to persons over 40 as "old men," but he offered no evidence to connect those statements to his discharge. See Merrick v. Farmers Ins. Group, 892 F.2d 1434, 1438 (9th Cir.1990) (stray comments unrelated to decisional process insufficient to raise triable issue of discriminatory discharge).
 
 
 5
 Neal also argues that his discharge was retaliation for his having filed grievances against his supervisor a few days before his discharge. Neal also contends that he suffered discriminatory harassment. Neal did not raise claims of retaliation or harassment in his complaint, however. We will not manufacture claims from statements buried in the briefs. See Greenwood v. FAA, 28 F.3d 971, 977 (9th Cir.1994). Because Neal has failed to plead retaliation or harassment, we need not reach the issue of whether these additional claims would be excused from administrative exhaustion as being "like or reasonably related" to the administrative charge he filed with the California Department of Fair Employment and Housing. See Oubichon v. North American Rockwell Corp., 482 F.2d 569, 571 (9th Cir.1973). Addressing only the issue of discriminatory discharge raised by Neal's complaint, we conclude that Neal has failed to offer evidence raising a triable issue of fact that race or age discrimination was the "real reason" for his termination. See St. Mary's Honor Center v. Hicks, 509 U.S. 502, ----, 113 S.Ct. 2742, 2752 (1993).
 
 
 6
 The district court's grant of summary judgment in Continental's favor is
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Neal did not, however, offer evidence that white or younger employees were treated differently from him, cf. Fong v. American Airlines, Inc., 626 F.2d 759, 762 (9th Cir.1980), or that a white or younger employee replaced him, see Wallis v. J.R. Simplot Co., 26 F.3d 885, 891 (9th Cir.1994); Sengupta v. Morrison-Knudsen Co., 804 F.2d 1072, 1075 (9th Cir.1986)