103 F.3d 137
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Barbara A. CAMPBELL, Plaintiff-Appellant,
v.
AMERIFLIGHT, INC., a Nevada corporation, Defendant-Appellee.
 No. 95-35623.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 8, 1996.
Decided Dec. 06, 1996.
 
 Before: CANBY, RYMER, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Barbara Campbell appeals the entry of summary judgment in favor of her employer, Ameriflight, on her claims of wrongful termination under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101-12213, and the Oregon Handicapped Persons Civil Rights Act (OHPCRA), ORS § 659.425(1). We have jurisdiction, 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Assuming for purposes of this decision that Campbell was "qualified" at the time of her termination and could perform her job with a reasonable accommodation, we agree with the district court that she has not raised a triable issue of fact that Ameriflight's reason for her termination is a pretext for discrimination.
 
 
 4
 Campbell's argument that her misuse of the company car was a one-shot incident that did not justify termination is misplaced because the company policy is clear that personal use beyond the limits prescribed is prohibited. In any event, Hazlet's termination letter indicates that Campbell's failure to let the company know where she was or to provide a contact number for nearly a month also violated the Employee Manual. Whether this actually caused hardship or inconvenience to Ameriflight is immaterial.
 
 
 5
 Campbell further argues that the car policy was discriminatorily applied, but points to no evidence that any other employee violated the policy as she did. See Fong v. American Airlines, 626 F.2d 759, 762 (9th Cir.1980). In addition, Campbell contends that the company first should have given her a warning and that its failure to do so was contrary to its own procedures; however, nothing in the record suggests that Ameriflight procedures called for a warning for the kind of rule violation that she committed.
 
 
 6
 Campbell cites the fact that even though she talked with her supervisor and other Ameriflight personnel during rehabilitation, they never told her that she didn't have a job or that she was being terminated because of the car infraction until after she let them know that she was ready to come back to work. This allegation is not inconsistent with Ameriflight's explanation for her termination, however, as Campbell in fact was on leave and did have a job while she was in rehabilitation; her health and stability appeared to be fragile and her supervisor was understandably reassuring on the point; and it took awhile before the facts about the car's disappearance were developed. There is no evidence that Ameriflight decided to terminate Campbell before it told her so.
 
 
 7
 Nor is Campbell's termination for violating the car rule rendered pretextual by the fact that Hazlet's termination letter reminded Campbell that she had to have a Second Class FAA Airman Medical Certificate and (correctly or incorrectly) was unqualified to fly under FAA regulations without two years of sustained abstinence. There is no question that to fly a pilot must have a valid medical certificate, and the possibility that Campbell on that account would not be qualified to fly under FAA regulations and Ameriflight policies would be an additional, not a conflicting, reason for discharge.
 
 
 8
 Finally, Campbell submits that she cannot be terminated because the car rule violation was inextricably wound-up with her alcoholism. We have held to the contrary. Employers may terminate employees for misconduct under the ADA regardless of whether the misconduct is directly attributable to the employee's disability. See Collings v. Longview Fibre Co., 63 F.3d 828, 833 (9th Cir.1995), cert. denied, 116 S.Ct. 711 (1996); see also Newland v. Dalton, 81 F.3d 904, 906 (9th Cir.1996) (applying Collings under the Rehabilitation Act).
 
 
 9
 As Campbell has not submitted "specific, substantial evidence of pretext," summary judgment was appropriately entered. Steckl v. Motorola, Inc., 703 F.2d 392, 393 (9th Cir.1983).
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3