142 F.3d 444
 81 A.F.T.R.2d 98-1452, 98-1 USTC P 50,336
 OAKCROSS VINEYARDS, LTD.; Dennis D. Groth, Tax Matters
Partner, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 97-70241.
 Tax Ct. No. 11659-94.
 United States Court of Appeals,
Ninth Circuit.
 .
Decided April 2, 1998.
Argued and Submitted February 10, 1998.
 
 Appeal from a Decision of the United States Tax Court.
 Before HUG, Chief Judge, FERNANDEZ and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Oakcross Vineyards, Ltd. ("the Partnership") appeals the Tax Court's decision that the Commissioner of Internal Revenue ("Commissioner") did not abuse her discretion in determining that the cash method of accounting did not clearly reflect the Partnership's 1990 taxable income. After careful consideration of the record, the briefs and oral arguments of the parties, we affirm. Because the parties are well familiar with the factual and procedural history of this case, we need not recount it here.
 
 
 3
 * This appeal primarily involves the application of SECTION 446 OF THE INTERNAL REVENUE CODE[1], and the Commissioner's determination that the Partnership's method of accounting materially distorted accurate reporting of the Partnership's income. In challenging the Commissioner's decision, the Partnership faces an extremely high burden. First, the Commissioner has broad discretion under Section 446(b) to determine whether a particular method of accounting clearly reflects income, and the Tax Court is mandated not to interfere with the Commissioner's determination unless it is clearly unlawful. Thor Power Tool Co. v. Commissioner, 439 U.S. 522, 532, 99 S.Ct. 773, 58 L.Ed.2d 785 (1979). Further, in reviewing the Tax Court's decision, we may not reverse unless we find the Tax Court's determination clearly erroneous. Cole v. Commissioner, 586 F.2d 747, 749 (9th Cir.1978).
 
 
 4
 These standards of review present a difficult hurdle for the Partnership to overcome and, although there are good arguments for reversal, the Partnership ultimately cannot meet its high burden.
 
 
 5
 The Commissioner's attention was drawn to the Partnership because of its business relationship with Groth Vineyards and Winery, Inc. ("Winery"). Dennis and Judy Groth have an 85% interest as general partners in the Partnership, and a 90% interest in the Winery. The Partnership uses the cash method of accounting, while the Winery uses the accrual method. During the relevant period, the Partnership sold a large percentage of its grape harvest to the Winery, but deferred payment until the wine produced from the grape harvest was sold. In some instances, payment under this arrangement was deferred for four years. This differed from the Partnership's ordinary course of business, under which the Partnership required other wineries to pay for grape purchases within a year of sale. Additionally, the Partnership's arrangement with Winery differed from the ordinary course of business in the industry at large.
 
 
 6
 Based upon these facts, the Commissioner concluded that the Partnership had materially distorted its income, and its 1990 return was therefore subject to readjustment pursuant to Section 446(b). The Tax Court agreed, emphasizing the fact that: (1) other wineries buying grapes from the Partnership had not been afforded the same terms and conditions[2]; (2) the value of a long term relationship with one purchaser was suspect, given the substantial concessions the Partnership was forced to make in order to build the relationship; and (3) there did not appear to be a legitimate business purpose for deferral of revenue.[3]
 
 
 7
 A good argument can be made to the contrary, given that: (1) the Partnership did not actually or constructively receive the income which the Commissioner wishes to impute; (2) granting favorable terms to a purchaser who wished to consistently purchase most of the Partnership's products at a fair market value would seem to be a legitimate business purpose; and (3) Section 267 would seem to require in this instance that the Winery employ the cash method for deductions, thus minimizing potential abuse which can result from a combination of accounting methods by entities with essentially common ownership. Nonetheless, the fact that we might reach a different conclusion if placed in the Tax Court's position is insufficient to establish that the Tax Court clearly erred, or that the Commissioner made a clearly unlawful determination under Section 446(b).
 
 
 8
 Generally, when the Tax Court is determining whether a partnership's transactions demonstrate a business purpose, the scope of the inquiry is limited to the business purpose of the partnership being audited. See, e.g., Brannen v. Commissioner, 722 F.2d 695, 703-04 (11th Cir.1984). Here, the Tax Court determined that the deferral arrangement served the business purpose of the Winery rather than the business purpose of the Partnership. It does appear that the deferral arrangement was primarily motivated by a desire to afford Winery time to establish and stabilize its business. Although we might have decided that the Partnership's decision to defer payment so that it would have a stable buyer in the future was a legitimate business purpose of the Partnership, we cannot say that the Tax Court clearly erred in finding otherwise.
 
 II
 
 9
 The Partnership contends that Section 453 mandates that the Partnership report its income under the installment method, vitiating the Commissioner's argument that the accrual method was appropriate. While potentially meritorious, this argument was not presented to the Tax Court, and we decline to address it for the first time on appeal. Bolker v. Commissioner, 760 F.2d 1039, 1042 (9th Cir.1985). Until this appeal, the Partnership never categorized its deferral arrangement with the Winery as an installment sale. Further, neither Tech.Adv.Mem. 96-40-003 (Dec. 21, 1995), nor the Commissioner's position in Coohey v. United States, 97-1 Stand.Fed.Tax Rep. p 50,113 (N.D.Iowa 1996), represent an alteration in the law, as asserted by the Partnership. Additionally, Temp.Treas.Reg. § 15A.453-(1)(b)(4) (1981) specifically provides for use of the installment method by farmers. In short, this was an issue which should have been fully litigated before the Tax Court, which would have then had the opportunity to consider the matter in the context of the entire case.
 
 III
 
 10
 The Partnership correctly highlights the special attention Congress has paid to farmers' unique business requirements. Indeed, the Partnership is clearly within the class of taxpayers for whom Congress intended to preserve the cash method of accounting. However, Congressional efforts to ensure that small agri-businesses be allowed to continue using the cash method does not affect the Commissioner's authority under Section 446(b) to require use of an accounting method that clearly reflects income. See, e.g., Van Raden, 71 T.C. at 1103. There is no doubt that a farmer's use of the cash method will usually result in some income distortion. Id. at 1104. However, it is the materiality of the distortion which is at issue, and on that issue we cannot say that the Tax Court clearly erred.
 
 IV
 
 11
 Prior to oral argument, the Partnership submitted the stipulated settlement in Ferrari Carano Vineyards and Winery v. Commissioner, No. 19117-96 (T.C. Nov. 12, 1997), as additional authority. Although some of the potential implications of the settlement as asserted at oral argument are troubling, the Commissioner is not bound by a settlement position taken by the Commissioner in a case unrelated to the Partnership. See Cahen Trust v. United States, 292 F.2d 33, 39 (7th Cir.1961) (holding Commissioner's acquiescence in prior case does not estop Commissioner from taking a different position in following cases). We have carefully examined the other arguments raised by the Partnership in its briefs and at oral argument, and conclude that none of them require reversal of the Tax Court.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 All "Section" references are to the Internal Revenue Code of 1986 (26 U.S.C.), as amended and in effect in 1990, the year at issue in this case
 
 
 [2]
 The Partnership misconstrues the Tax Court's opinion when it contends that the Tax Court required the Partnership to offer the same terms to third parties as it offered to Winery as a prerequisite to use of the cash method. The existence of a material distortion justifying adjustment can be affected by whether or not a particular prepaid expense or deferred payment occurs as a result of a particular industry's ordinary course of business. Van Raden v. Commissioner, 71 T.C. 1083, 1105-06, 1979 WL 3605 (1979), aff'd, 650 F.2d 1046 (9th Cir.1981). The Tax Court's focus on the Partnership's arrangement with third parties was simply an attempt to ascertain what the ordinary course of business was for both the Partnership and the industry at large
 
 
 [3]
 We are not persuaded by the Partnership's argument that the Tax Court misinterpreted the "business purpose" rule by requiring "that the non-tax benefits to [the Partnership] be 'commensurate' with [the Partnership's] concessions to Winery." A business purpose exists where the taxpayer establishes a reasonable expectation of receiving some business benefit from the structure of a challenged transaction. Packard v. Commissioner, 85 T.C. 397, 428, 1985 WL 15389 (1985). In determining whether the Partnership received some business benefit, the Tax Court necessarily measured whether the benefits received by the Partnership as a result of its deferral arrangements with Winery exceeded the costs incurred by the Partnership as a result of that arrangement. The Tax Court's use of the phrase "commensurate" does not indicate a misapplication of the "business purpose" test in this case