142 F.3d 444
 Ha Jenny NGO, Plaintiff-Appellee,
v.
RENO HILTON RESORT CORPORATION, d/b/a Reno Hilton; Hilton
Hotels Corporation, Defendants-Appellants.
Ha Jenny NGO, Plaintiff-Appellant,
v.
RENO HILTON RESORT CORPORATION, d/b/a Reno Hilton; Hilton
Hotels Corporation, Defendants-Appellees.
Ha Jenny NGO, Plaintiff-Appellee,
v.
RENO HILTON RESORT CORPORATION, d/b/a Reno Hilton; Hilton
Hotels Corporation, Defendants-Appellants.
 No. 95-16909, 95-16911, 96-15553.
D.C. No. CV-94-00368-HDM.
 United States Court of Appeals,
Ninth Circuit.
 .
Argued and Submitted Dec. 10, 1996.
Decided Apr. 9, 1998.
 
 Appeal from the United States District Court for the District of Nevada Howard D. McKibben, District Judge, Presiding.
 Before BROWNING, SKOPIL, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The parties are familiar with the facts and we will not restate them.
 
 
 3
 We affirm the district court's denial of Hilton's second motion in limine to exclude evidence of the treatment of Ms. Bowman. Hilton's treatment of Ms. Bowman was relevant because a jury could infer from this information that Hilton's proffered reason for terminating Ms. Ngo was pretextual. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 804, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); Fong v. American Airlines, Inc., 626 F.2d 759, 762 (9th Cir.1980).
 
 
 4
 We affirm the district court's denial of Hilton's motions for judgment as a matter of law and judgment notwithstanding the verdict. As the district court stated:
 
 
 5
 There was credible evidence from which the jury could conclude that plaintiff belonged to a protected class, that she performed her job satisfactorily, that she suffered an adverse employment action, and that her employer (through its supervisors) treated similarly situated employees outside her protected class more favorably on account of race and sex. While there was no direct proof of a discriminatory motive, there was evidence relating to difference in treatment from which the jury could infer unlawful discrimination.
 
 
 6
 Excerpt of Record pages 98-99.
 
 
 7
 We reverse and remand the district court's denial of Ngo's motion to amend the judgment to obtain retroactive relief. Her appeal of this issue is timely under Federal Rule of Appellate Procedure 4(a). While the district court denied this motion because the "parties previously stipulated to the amount of the economic loss," there is no evidence that this stipulation included or would prevent an award of retroactive seniority. Supplemental Excerpt of Record page 16.
 
 
 8
 We affirm the district court's award of attorney's fees and costs because Ngo's recovery exceeded Hilton's proposed settlement. See Corder v. Gates, 947 F.2d 374, 380 (9th Cir.1991).
 
 
 9
 We address the district court's denial of punitive damages as a matter of law in a separate published opinion filed this date.
 
 
 10
 AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3