Godwin **MADUKA, M.D.,**
Plaintiff–Appellant,

v.

**COLUMBIA/HCA HEALTHCARE CORPORATION; et al.,**
Defendants–Appellees.

No. 05–16693.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2007.*

Filed June 21, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Cal J. Potter, III, ESQ., John C. Funk, Esq., Potter Law Offices, Las Vegas, NV, Randall H. Scarlett, Esq., Scarlett Law Group, San Francisco, CA, for Plaintiff–Appellant.

John R. Bailey, Esq., David J. Merrill, Bailey Merrill, Dennis L. Kennedy, Esq., Lionel Swayer & Collins, Las Vegas, NV, for Defendants–Appellees.

Before: BYBEE, MILAN D. SMITH, Jr., and N.R. SMITH, Circuit Judges.

MEMORANDUM [**]

 Appellant Godwin Maduka ("Appellant") appeals the district court's decision granting summary judgment for Appellee Columbia/HCA Healthcare Corporation ("Columbia") on Appellant's 42 U.S.C. § 1981 discrimination claim. The facts and procedural history are familiar to the parties, and we do not repeat them here. We review a district court's decision granting summary judgment de novo. *Rossi v. Motion Picture Ass'n of Am. Inc.*, 391 F.3d 1000, 1002 (9th Cir.2004).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The only issue is whether the district court erred in granting summary judgment for Columbia on Appellant's § 1981 claim, or "[m]ore specifically, the issue is whether [Appellant] made out a sufficient 'prima facia case of discrimination' to create a genuine issue of material fact sufficient to foreclose summary judgment." *Fong v. Am. Airlines, Inc.*, 626 F.2d 759, 761 (1980). To prevail, Appellant "must offer evidence that 'give[s] rise to an inference of unlawful discrimination,' either through the framework set forth in *McDonnell Douglas Corp. v. Green* [, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973),] or with direct or circumstantial evidence of discriminatory intent." *Vasquez v. County of Los Angeles*, 349 F.3d 634, 640 (9th Cir.2003) (quoting *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)) (footnotes omitted).

To establish a prima facie case under *McDonnell Douglas* in the context of ongoing employment, Appellant must demonstrate that: 1) he belongs to a protected class, 2) he was performing according to his employer's legitimate expectations, 3) he suffered an adverse employment action, and 4) other employees with qualifications similar to his were treated more favorably. *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir.1998). Appellant cannot make that showing because the only evidence in the record indicates that—instead of performing satisfactorily—Appellant twice failed to notice that a patient under his care was in danger, failed to keep adequate records, and attempted to intimidate nursing staff who might report his conduct.

Appellant may also survive a summary judgment motion by presenting " 'evidence, which if believed, proves the fact [of discriminatory animus] without inference or presumption.' " *Vasquez*, 349 F.3d at 640 (quoting *Godwin*, 150 F.3d at 1221 (alteration in original)). To meet that standard, Appellant merely asserts that while he was disciplined for an esophageal intubation, a non-African American doctor was not disciplined for that same procedure, that the non-African American doctors who supervised his work were not punished for their actions, and that he did not receive a normal fair hearing. This record is insufficient to survive summary judgment. Appellant has only submitted his own affidavit and a largely irrelevant report, which both fail to meet the requirements of Rule 56 of the Federal Rules of Civil Procedure, and an unverified complaint. *See McElyea v. Babbitt*, 833 F.2d 196 (9th Cir.1987).

Accordingly, because Appellant has failed to present evidence that he was discriminated against on the basis of race, we affirm the district court's decision granting summary judgment for Columbia on Appellant's § 1981 claim.

**AFFIRMED.**