**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

THEODORE KOOTSWATEWA,
*Defendant-Appellant.*

No. 16-10228

D.C. No.
3:15-cr-08034-DLR-1

ORDER AND
AMENDED OPINION

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Argued and Submitted September 13, 2017
San Francisco, California

Filed March 23, 2018
Amended June 27, 2018

Before:  J. Clifford Wallace and Paul J. Watford, Circuit
Judges, and W. Louis Sands,[*] District Judge.

Order;
Opinion by Judge Watford

---

[*] The Honorable W. Louis Sands, United States District Judge for the Middle District of Georgia, sitting by designation.

## SUMMARY[**]

### Criminal Law

The panel (1) amended an opinion filed March 23, 2018, affirming a conviction for sexually abusing K.C., a developmentally delayed 11-year-old girl; (2) denied a petition for panel rehearing; and (3) denied on behalf of the court a petition for rehearing en banc.

In the amended opinion:

The panel held that the district court properly exercised its discretion in admitting under Fed. R. Evid. 803(4) K.C.'s statements to a nurse practitioner concerning the nature of the abuse and the identity of her abuser. The panel observed that the statements were made for purposes of medical diagnosis or treatment, were reasonably pertinent to that subject, and described the inception or general cause of K.C.'s past or present symptoms. Rejecting the defendant's contention that the government failed to lay an adequate foundation, the panel explained that the declarant herself need not testify; an adequate foundation may be laid under Rule 803(4) by introducing objective evidence, including testimony by the medical professional who conducted the examination, of the context in which the statements were made. The panel concluded that the government presented ample evidence supporting the inference that K.C. understood that the nurse practitioner was seeking information for purposes of diagnosis or treatment.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel held that the district court properly exercised its discretion in admitting under Fed. R. Evid. 801(d)(1)(B)(i) K.C.'s statements to a law enforcement officer in order to rebut defense counsel's suggestion that K.C.'s in-court testimony had been tainted by her mother's alleged coaching. The panel held that K.C.'s prior statements to the officer were consistent with her in-court testimony, as required under Rule 801(d)(1)(B).

The panel held that the prosecutor's brief and accurate recitation of trial testimony concerning what K.C. told others about the offense did not constitute misconduct. The panel concluded that the prosecutor's misstatement of the record—that K.C. told the officer that the defendant had "lured" her into a trailer rather than "took" her into the trailer—amounted to harmless error.

---

**COUNSEL**

Michael L. Burke (argued), Assistant Federal Public Defender; Jon M. Sands, Federal Public Defender; Office of the Federal Public Defender, Phoenix, Arizona; for Defendant-Appellant.

Helen H. Hong (argued), Special Attorney for the United States, Office of the United States Attorney, San Diego, California, for Plaintiff-Appellee.

---

**ORDER**

The opinion filed on March 23, 2018, and published at 885 F.3d 1209 is amended as follows:

At 885 F.3d at 1214, replace the first two paragraphs appearing in the left column, beginning with the sentence <Contrary to Kootswatewa's contention, however, the declarant herself need not testify about her subjective thought process at the time she made the statements in question.> and ending with the sentence <That inference was bolstered here by the nurse practitioner's testimony that she conducted K.C.'s examination in an examination room, with her stethoscope on, after measuring K.C.'s height and weight and taking her medical history.>, with the following two paragraphs:

> <Contrary to Kootswatewa's contention, however, the declarant herself need not testify about her subjective thought process at the time she made the statements in question. Indeed, the declarant need not testify at all. An adequate foundation may be laid under Rule 803(4) by introducing objective evidence of the context in which the statements were made. *See id.* That evidence can include testimony provided by the medical professional who conducted the examination.

> Here, the government presented ample evidence supporting the inference that K.C.

understood that the nurse practitioner was seeking information for purposes of diagnosis or treatment. Most significantly, K.C. made the statements in response to questions posed by a medical professional during a medical examination conducted at a medical facility. Absent evidence indicating otherwise, the district court could reasonably infer from those circumstances that K.C. understood she was providing information for purposes of diagnosis or treatment. *See, e.g.*, *Lukashov*, 694 F.3d at 1114–15; *United States v. Gonzalez*, 533 F.3d 1057, 1062 (9th Cir. 2008); *see also* 30B Charles Alan Wright et al., Federal Practice and Procedure § 6844, p. 324 (2017) ("statements made by most people in the context of an injury-related visit to a medical professional can be presumed to be made for the purpose of medical treatment"). That inference was bolstered by the nurse practitioner's testimony that she conducted K.C.'s examination in an examination room, with her stethoscope on, after measuring K.C.'s height and weight and taking her medical history.>

With this amendment, the panel unanimously votes to deny the petition for panel rehearing. Judge Watford votes to deny the petition for rehearing en banc, and Judge Wallace and Judge Sands so recommend. The full court has been advised of the petition for rehearing en banc, and no judge

requested a vote on whether to hear the matter en banc. Fed. R. App. P. 35. The petition for panel rehearing and rehearing en banc, filed May 29, 2018, is **DENIED**.

No further petitions for panel rehearing or rehearing en banc will be entertained.

---

### OPINION

WATFORD, Circuit Judge:

Theodore Kootswatewa was convicted following a jury trial of sexually abusing K.C., a developmentally delayed 11-year-old girl. On appeal, Kootswatewa challenges two of the district court's evidentiary rulings. Over Kootswatewa's hearsay objections, the court allowed a nurse practitioner and a law enforcement officer to testify about statements K.C. made to them during interviews conducted shortly after the abuse occurred. We conclude that the district court properly exercised its discretion in admitting the testimony of both witnesses. We also conclude that Kootswatewa's remaining challenge to the propriety of the prosecutor's closing argument does not merit reversal.

I

Kootswatewa and K.C., both members of the Hopi Tribe, lived in the same small community on the Hopi Reservation in Arizona. Early one evening, a neighbor saw K.C. follow a man into an abandoned trailer. Soon after, as the neighbor approached the trailer to investigate, she saw K.C. emerge looking scared. K.C. told the neighbor that the man had tried

to "rape" her.    The neighbor identified the man as Kootswatewa when he walked out of the trailer moments later.  The neighbor called the police and contacted K.C.'s mother.

A law enforcement officer drove to the scene to investigate.  He waited for K.C.'s mother to arrive and obtained her permission to interview K.C.   During the interview, K.C. told the officer that Kootswatewa had taken her into the abandoned trailer, pulled down her pants, and touched her vagina with his hand and tongue. At trial, during the government's rebuttal case, the district court overruled Kootswatewa's hearsay objection and allowed the officer to recount K.C.'s statements to the jury.  The court ruled that the statements were admissible as prior consistent statements because they aligned with K.C.'s trial testimony and rebutted the implication, raised by the defense on cross-examination of K.C., that K.C. had fabricated the alleged abuse. *See* Fed. R. Evid. 801(d)(1)(B)(i).

The morning after the abuse occurred, K.C.'s mother took her to a part of the outpatient pediatric wing of the Flagstaff Medical Center, called the Safe Child Center.  K.C. saw a nurse practitioner there who was certified as a Sexual Assault Nurse Examiner.  The nurse practitioner conducted a sexual assault examination of K.C., during which K.C. said that a man who lived in a red house had recently touched her vagina with his hand and tongue. (Multiple witnesses testified that Kootswatewa lived in a red cinder-block house.)  At trial, during the government's case-in-chief, the district court allowed the nurse practitioner to recount K.C.'s statements, again over the defense's hearsay objection.  The court ruled that the statements were admissible under the hearsay

exception for statements made for purposes of medical diagnosis or treatment. *See* Fed. R. Evid. 803(4).

The jury convicted Kootswatewa of aggravated sexual abuse of a minor, in violation of 18 U.S.C. §§ 1153, 2241(c); abusive sexual contact, in violation of 18 U.S.C. §§ 1153, 2244(a)(5); and committing a felony offense involving a minor while being required to register as a sex offender, in violation of 18 U.S.C. § 2260A. The district court sentenced Kootswatewa to 40 years in prison.

## II

We first address Kootswatewa's challenge to the admission of the nurse practitioner's testimony under Rule 803(4) of the Federal Rules of Evidence. Under that provision, out-of-court statements made for purposes of medical diagnosis or treatment are admissible as an exception to the hearsay rule, which generally forbids admission of out-of-court statements offered to prove the truth of the matter asserted. A statement is admissible under Rule 803(4) if it: "(A) is made for—and is reasonably pertinent to—medical diagnosis or treatment; and (B) describes medical history; past or present symptoms or sensations; their inception; or their general cause." Fed. R. Evid. 803(4). A statement covered by Rule 803(4) is admissible as substantive evidence, regardless of whether the declarant is available to testify.

Statements covered by Rule 803(4) are admissible because the rationale for excluding hearsay statements does not apply to them. Hearsay statements are inadmissible as a general rule because they typically lack indicia of trustworthiness. Unlike testimony offered in court, hearsay statements are not made under oath and the declarant is not

subject to cross-examination, so the accuracy and reliability of the statements cannot be tested. Certain categories of out-of-court statements, however, are excepted from the rule against hearsay because they are made under circumstances in which the declarant would be particularly unlikely to lie. *Idaho v. Wright*, 497 U.S. 805, 820 (1990). Statements made for purposes of medical diagnosis or treatment comprise one such category. An individual seeking medical care is unlikely to lie about her medical history or symptoms because she knows that "a false statement may cause misdiagnosis or mistreatment." *White v. Illinois*, 502 U.S. 346, 356 (1992). The declarant's selfish interest in obtaining appropriate medical care renders statements made for purposes of diagnosis or treatment inherently trustworthy, such that "adversarial testing [through cross-examination] would add little to their reliability." *Wright*, 497 U.S. at 820–21.

The district court properly exercised its discretion in admitting K.C.'s statements to the nurse practitioner because the statements fall comfortably within the scope of Rule 803(4). K.C. spoke to the nurse practitioner as part of a sexual assault examination. As the nurse practitioner testified, one of the purposes of such an examination is to diagnose any physical, psychological, or emotional injuries the victim may have suffered and to prescribe an appropriate course of treatment. To diagnose and treat K.C.'s injuries, the nurse practitioner first had to find out what happened to her, and so she asked K.C., "Did something happen?" K.C.'s statements describing the abuse she suffered were made in response to that question. The statements satisfied both prongs of Rule 803(4): They were made for purposes of medical diagnosis or treatment and were "reasonably pertinent" to that subject; and they described the "inception" or "general cause" of K.C.'s past or present symptoms. In

that respect, K.C.'s statements are no different from the statements we have held admissible in past cases involving child sexual abuse. *See United States v. JDT*, 762 F.3d 984, 1003–05 (9th Cir. 2014); *United States v. Lukashov*, 694 F.3d 1107, 1115 (9th Cir. 2012); *Guam v. Ignacio*, 10 F.3d 608, 613 (9th Cir. 1993); *United States v. George*, 960 F.2d 97, 99–100 (9th Cir. 1992).

Kootswatewa contends that the government failed to lay an adequate foundation for admission of K.C.'s statements under Rule 803(4). In particular, he asserts that although the government established that the nurse practitioner elicited the statements for purposes of medical diagnosis or treatment, the government did not establish what K.C. herself was thinking when she made the statements. As Kootswatewa correctly points out, it is the declarant's understanding of the purposes for which the statements were made that matters under Rule 803(4). *Ignacio*, 10 F.3d at 613 n.3; 4 Christopher B. Mueller & Laird C. Kirkpatrick, Federal Evidence § 8:75 (4th ed. 2017). The declarant herself must understand that she is providing information for purposes of diagnosis or treatment because that understanding is what provides assurance that the statements are particularly likely to be truthful. *United States v. Yazzie*, 59 F.3d 807, 813 (9th Cir. 1995).

Contrary to Kootswatewa's contention, however, the declarant herself need not testify about her subjective thought process at the time she made the statements in question. Indeed, the declarant need not testify at all. An adequate foundation may be laid under Rule 803(4) by introducing objective evidence of the context in which the statements were made. *See id*. That evidence can include testimony provided by the medical professional who conducted the examination.

Here, the government presented ample evidence supporting the inference that K.C. understood that the nurse practitioner was seeking information for purposes of diagnosis or treatment. Most significantly, K.C. made the statements in response to questions posed by a medical professional during a medical examination conducted at a medical facility. Absent evidence indicating otherwise, the district court could reasonably infer from those circumstances that K.C. understood she was providing information for purposes of diagnosis or treatment. *See, e.g.*, *Lukashov*, 694 F.3d at 1114–15; *United States v. Gonzalez*, 533 F.3d 1057, 1062 (9th Cir. 2008); *see also* 30B Charles Alan Wright et al., Federal Practice and Procedure § 6844, p. 324 (2017) ("statements made by most people in the context of an injury-related visit to a medical professional can be presumed to be made for the purpose of medical treatment"). That inference was bolstered by the nurse practitioner's testimony that she conducted K.C.'s examination in an examination room, with her stethoscope on, after measuring K.C.'s height and weight and taking her medical history.

No evidence in the record negates the inference that K.C. understood the medical purpose of her answers to the nurse practitioner's questions. It is true that K.C. was only 11 years old at the time of the examination, and due to developmental delays she had the mental capacity of a child several years younger than that. But we have consistently held that even young children have the capacity to understand the medical purpose of an examination. *See JDT*, 762 F.3d at 988 (children between the ages of five and seven); *Lukashov*, 694 F.3d at 1110 (eight-year-old child); *Ignacio*, 10 F.3d at 610–11 (three-year-old child).

Kootswatewa contends that, even if K.C.'s statements describing the nature of her abuse were admissible under Rule 803(4), her statement identifying the perpetrator was not. Some courts and commentators have held that statements identifying the perpetrator of a crime are not pertinent to medical diagnosis or treatment and therefore fall outside the scope of Rule 803(4) and its state-law counterparts. *See* 4 Mueller & Kirkpatrick, Federal Evidence § 8:75 n.36 (collecting cases). Our court has squarely rejected that view, at least in cases involving child sexual abuse. *See JDT*, 762 F.3d at 1003–05; *Ignacio*, 10 F.3d at 613; *George*, 960 F.2d at 99–100. We have held that medical providers need to know who abused a child in order to protect her from future abuse at the hands of the same perpetrator, and to assist in diagnosing and treating the psychological and emotional injuries caused by sexual abuse. *Lukashov*, 694 F.3d at 1115; *George*, 960 F.2d at 99. The nurse practitioner in this case testified that she asks her patients about the identity of their abuser for precisely these reasons.

In short, the government laid an adequate foundation for the admission of K.C.'s statements concerning the nature of the abuse and the identity of her abuser. The district court properly admitted the statements under Rule 803(4).

III

We turn next to Kootswatewa's objection to the admission of the officer's testimony concerning the statements K.C. made to him shortly after the abuse occurred. The government offered this evidence in its rebuttal case, after defense counsel attacked K.C.'s credibility while cross-examining her. The district court admitted K.C.'s statements under Rule 801(d)(1)(B)(i), which renders admissible a prior

statement that is consistent with the declarant's in-court testimony and is offered "to rebut an express or implied charge that the declarant recently fabricated [her testimony] or acted from a recent improper influence or motive in so testifying." Fed. R. Evid. 801(d)(1)(B)(i).

The district court properly exercised its discretion in admitting K.C.'s statements to the officer. To explain why, a bit of background information is necessary. K.C. testified on direct examination that a man who lived in a red house (by implication Kootswatewa) had touched her vagina with his hand. During her opening statement, defense counsel previewed for the jury how she planned to attack the credibility of this anticipated testimony. Defense counsel suggested that K.C. had fabricated her story of being sexually abused by Kootswatewa because she wanted to avoid being disciplined by her mother, who had previously warned K.C. not to wander away from home and not to have any contact with Kootswatewa:

> The evidence will also show that [K.C.] had a reason to make up a false story about Mr. Kootswatewa at that moment, at that moment when she ran into [the neighbor] outside the trailer on that day. At that moment, K.C. had just been caught very far from home, in someone else's trailer that she didn't belong in, with a man she had been told to stay away from. Making up this story was a way to escape getting in trouble.

During her cross-examination of K.C., defense counsel returned to this theme and added another. She suggested through her questions that K.C. had two separate motives for

fabricating her story: She wanted to avoid getting in trouble with her mother, as alluded to during opening statement; and, in addition, she was complying with her mother's instructions about what to say during her in-court testimony. As to the second alleged motive, for example, defense counsel asked, "your mom told you what to say today?"

Against this backdrop, K.C.'s prior statements to the officer were admissible to rebut defense counsel's suggestion that K.C.'s in-court testimony had been tainted by a "recent improper influence or motive"—namely, K.C.'s mother's alleged coaching.    To be admissible under Rule 801(d)(1)(B)(i), K.C.'s statements must have been made before this alleged improper influence or motive to fabricate arose. *See Tome v. United States*, 513 U.S. 150, 156 (1995); *United States v. Chang Da Liu*, 538 F.3d 1078, 1086 (9th Cir. 2008).  That requirement was met here.  K.C. spoke to the officer shortly after the abuse in the trailer occurred.  She did not have an opportunity to speak with her mother before the officer interviewed her, so the statements K.C. made to the officer could not have been tainted by any coaching from her mother.

Kootswatewa contends that the officer's testimony should have been excluded because defense counsel asserted two different improper influences or motives, and K.C.'s prior statements to the officer rebutted only one of them. Kootswatewa correctly points out that K.C.'s alleged motive to fabricate her story to avoid being disciplined by her mother arose before K.C. spoke to the officer, and thus her statements to the officer could not rebut that motive.  But Rule 801(d)(1)(B)(i) does not require that a prior statement rebut all improper influences or motives suggested by defense counsel.  It is sufficient if the prior statement tends to rebut

one of them.  *See Gonzalez*, 533 F.3d at 1063; *see also United States v. Londondio*, 420 F.3d 777, 784–85 (8th Cir. 2005); *United States v. Wilson*, 355 F.3d 358, 361 (5th Cir. 2003). Here, as explained, K.C.'s prior statements to the officer rebutted defense counsel's suggestion that K.C.'s in-court testimony was the product of her mother's coaching.

Kootswatewa also argues that K.C.'s prior statements to the officer were not "consistent" with her in-court testimony, as required under Rule 801(d)(1)(B).  *See Chang Da Liu*, 538 F.3d at 1086.  Kootswatewa contends that this requirement was not met because K.C.'s prior statements differed from her testimony in court:  K.C.'s statements to the officer placed the abuse in the trailer, whereas K.C.'s confusing in-court testimony (given in response to a series of leading questions on cross-examination) suggested that the abuse occurred at her mother's house.

K.C.'s prior statements were consistent with her in-court testimony with respect to the elements that were critical given the nature of defense counsel's attack.  K.C.'s statements to the officer were offered to rebut the charge that K.C. had fabricated the entire episode of abuse by Kootswatewa. K.C.'s statements to the officer tended to rebut that charge because she told the officer shortly after the incident the same thing she said in court: that the man who lived in the red house had touched her vagina.  To that extent, then, K.C.'s statements to the officer were admissible as prior consistent statements.  To the extent K.C.'s prior statement as to the location of the abuse differed from her trial testimony, any error in admitting that statement was harmless.  K.C.'s neighbor and the nurse practitioner had already testified about the statements K.C. made to them, and in both instances K.C.'s statements established that the abuse occurred in the

trailer. Thus, the officer's reference to where the abuse occurred added nothing to the record that could have prejudiced Kootswatewa.

IV

Finally, we address Kootswatewa's objections to the prosecutor's closing argument. He contends that the prosecutor committed misconduct in two respects.

First, Kootswatewa argues that it was improper for the prosecutor to begin her closing argument by quoting or paraphrasing the key statements K.C. made to the neighbor, the nurse practitioner, and the law enforcement officer describing the abuse. For example, the prosecutor stated, "He tried to rape me. He took me into an abandoned trailer. . . . Put fingers inside. The man in the red house." While these statements were phrased in the first person, it is not accurate to say that the prosecutor spoke "in the voice of the victim," a practice we have condemned as improper. *Drayden v. White*, 232 F.3d 704, 712 (9th Cir. 2000). The prosecutor instead accurately recited the trial testimony recounting what K.C. told others about the abuse and immediately disclosed the source of the statements: "Those are the words that have been used by K.C. when talking about what happened to her on March 27th, 2014." The prosecutor's statements, in total, filled less than six lines of the trial transcript. Briefly reciting the trial testimony concerning what K.C. told others about the offense—accurately and with proper attribution—did not constitute misconduct.

Second, Kootswatewa argues that the prosecutor misstated the record when she said that K.C. told the officer that Kootswatewa had "lured" her into the trailer. K.C.

actually told the officer that Kootswatewa "took" her into the trailer, so the prosecutor did indeed err.  Nonetheless, this misstatement of the record amounted to harmless error.  *See United States v. Washington*, 462 F.3d 1124, 1135 (9th Cir. 2006).  The evidence against Kootswatewa was compelling, and none of the charges turned on whether he "lured" or merely "took" K.C. into the abandoned trailer.

**AFFIRMED.**