**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10463 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00949-SPL-1 |
| v. | |
| PAUL DARRELL BURDETTE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Argued and Submitted February 3, 2021
Phoenix, Arizona

Before: W. FLETCHER, MILLER, and HUNSAKER, Circuit Judges.

Following a jury trial, Paul Burdette was convicted of the aggravated sexual abuse of Shawna Davis, in violation of 18 U.S.C. §§ 1153 and 2241(a). He was sentenced to 175 months of imprisonment and a lifetime term of supervised release. Burdette appeals. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm the conviction and the sentence, except that we vacate

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

the tenth special condition of supervised release and remand to the district court with instructions.

1.    Before trial, Burdette moved to exclude the testimony of his ex-wife, Randi Jo Brown, who said that Burdette had sexually assaulted her three times. The district court denied the motion and admitted the testimony under Federal Rule of Evidence 413(a) as evidence of prior sexual assaults. Burdette contends that the testimony should have been excluded as unduly prejudicial under Federal Rule of Evidence 403.

We review a district court's ruling under Rule 403 for abuse of discretion. *United States v. LeMay*, 260 F.3d 1018, 1024 (9th Cir. 2001). To determine whether evidence of a defendant's other sexual assaults satisfies Rule 403, a court must consider five factors: "(1) 'the similarity of the prior acts to the acts charged,' (2) the 'closeness in time of the prior acts to the acts charged,' (3) 'the frequency of the prior acts,' (4) the 'presence or lack of intervening circumstances,' and (5) 'the necessity of the evidence beyond the testimonies already offered at trial.'" *Id.* at 1028 (quoting *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1268 (9th Cir. 2000)).

Brown testified to three assaults over the course of three years, the last of which occurred only a couple of months before the charged assault. Brown's prior-act evidence was therefore frequent and close in time to the act charged. *See*

*LeMay*, 260 F.3d at 1029. The evidence was also important to the government's case. There were no eyewitnesses to the encounter between Burdette and Davis, so Brown's testimony was the only evidence the government had to corroborate Davis's statements that the encounter was nonconsensual. And the assaults to which Brown testified were similar to the charged assault. Both the victims were well-known to Burdette. Brown also testified that Burdette had assaulted her while drunk and used his body weight, despite his small stature, to hold her down—both characteristics of the charged assault. *See United States v. Thornhill*, 940 F.3d 1114, 1119 (9th Cir. 2019). The district court did not abuse its discretion in admitting Brown's testimony.

2.      Burdette also challenges the district court's refusal to instruct the jury under Federal Rule of Evidence 413 that it could not convict him for the sexual assaults Brown described in her testimony. But at trial it was the government—not Burdette—who sought a Rule 413 instruction. And when the district court asked for the defense's position, defense counsel said that the instruction was "not needed." We need not decide whether that statement constituted an affirmative waiver of the issue because, at a minimum, Burdette's failure to object to the lack of an instruction limits our review to plain error. *See United States v. Nobari*, 574 F.3d 1065, 1080 (9th Cir. 2009). Because the district court correctly instructed the jury that it could convict Burdette only for the crime charged in the indictment, and

3

not for any other offenses, the court did not plainly err in declining to give a more specific Rule 413 instruction. *See United States v. Redlightning*, 624 F.3d 1090, 1121 (9th Cir. 2010); *United States v. Payne*, 944 F.2d 1458, 1466–68 (9th Cir. 1991).

3. At trial, Gila County Sheriff's Deputy Andrew Marchesseault testified to statements Davis made describing the sexual assault the day after it occurred. Burdette objected to this testimony as hearsay, but the district court overruled that objection and admitted the statements under Federal Rule of Evidence 801(d)(1)(B)(i) as prior consistent statements offered to rebut a charge of recent fabrication. Burdette contends that the district court erred because Davis's motive to fabricate arose before she made the statements. *See Tome v. United States*, 513 U.S. 150, 157–67 (1995).

Assuming without deciding that the district court erred, the error was harmless. Three different medical personnel and another law-enforcement officer testified, without objection, to similar statements in which Davis described the sexual assault in a way consistent with her testimony at trial. Davis's statements to Officer Marchesseault were therefore "cumulative of other evidence" and did not prejudice Burdette. *United States v. Beltran*, 165 F.3d 1266, 1270 (9th Cir. 1999); *see also United States v. Kootswatewa*, 893 F.3d 1127, 1135 (9th Cir. 2018).

4. Burdette also challenges statements in the government's closing

4

argument in which the prosecutor used second-person pronouns while inviting the jury to consider the fear Davis must have experienced during and after the assault. Defense counsel did not object. Even assuming that those brief statements in the middle of a long closing argument were improper, *see Drayden v. White*, 232 F.3d 704, 712–13 (9th Cir. 2000), their admission did not constitute plain error because the jury was properly instructed that the prosecutor's statements were not evidence. *See Fields v. Woodford*, 309 F.3d 1095, 1109 (9th Cir. 2002). And because any errors in this case were too marginal to have affected the verdict, the cumulative effect of any trial errors does not warrant reversal. *See United States v. de Cruz*, 82 F.3d 856, 868 (9th Cir. 1996).

5. Burdette challenges the lifetime term of supervised release as substantively unreasonable. We may reverse a sentence under 18 U.S.C. § 3553 only "if the court applied an incorrect legal rule or if the sentence was 'illogical, implausible, or without support in inferences that may be drawn from facts in the record.'" *United States v. Martinez-Lopez*, 864 F.3d 1034, 1043 (9th Cir. 2017) (en banc) (quoting *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc)). Given the extensive evidence of Burdette's history of violently assaulting women, it was not unreasonable for the district court to impose a lifetime term of supervised release to protect women from Burdette in the future. *See United States v. Apodaca*, 641 F.3d 1077, 1082–84 (9th Cir. 2011).

6. The tenth special condition of supervised release prohibits Burdette from contacting the victim or her family. In its oral pronouncement of sentence, the district court clarified that the provision prohibits only contact with the victim and her *immediate* family. The parties agree that the written judgment should be modified to conform to the court's oral pronouncement. *See United States v. Hicks*, 997 F.2d 594, 597 (9th Cir. 1993). We therefore vacate the tenth special condition of supervised release and remand to the district court with instructions to conform the condition to the oral pronouncement.

**AFFIRMED in part, VACATED in part, and REMANDED.**