NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 21 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10317 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-08295-GMS-1 |
| v. | |
| BO LANE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, Chief District Judge, Presiding

Argued and Submitted May 12, 2021
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and MILLER, Circuit Judges.

Defendant Bo Lane ("Lane") appeals his conviction for multiple counts of aggravated sexual abuse of a child. We have jurisdiction pursuant to 18 U.S.C. § 1291, and we affirm.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

## I.

We review evidentiary rulings for an abuse of discretion. *United States v. Gadson*, 763 F.3d 1189, 1199 (9th Cir. 2014). The district court did not abuse its discretion by admitting statements E.B. and J.B. made to Nurse Practitioners Jacqueline Kigundu and Susann Clinton under the "Medical Diagnosis or Treatment" hearsay exception of Federal Rule of Evidence 803(4). The objective circumstances of both examinations and the statements made therein were substantially similar to the circumstances of the hearsay statements this court approved in *United States v. Kootswatewa*, 893 F.3d 1127 (9th Cir. 2018), and fully support the inference that the statements were made for the purposes of medical diagnosis and treatment, which includes both emotional and psychological harm. The intentions of the girls' mother and the police are not relevant to whether the girls made the statements for purposes of diagnosis and treatment; moreover, mere knowledge that the persons performing the examinations may also be looking for "evidence" or "DNA" does not negate the diagnosis/treatment aspect of the victims' statements. *See United States v. Lukashov*, 694 F.3d 1107, 1115 (9th Cir. 2012).

## II.

A district court abuses its discretion if it allows expert testimony to be introduced without finding the testimony relevant and reliable. *United States v. Ruvalcaba-Garcia*, 923 F.3d 1183, 1189 (9th Cir. 2019) (per curiam). However, a

failure to make a specific finding of reliability may be reviewed for harmless error. *Id.* at 1190.

Here, the district court did not abuse its discretion by permitting expert testimony from forensic interviewer Amy Heil. Any error in failing to make an explicit *Daubert/Kumho Tire*[1] ruling was harmless, as Heil's trial testimony made clear she had sufficient expertise and had testified as a child sexual abuse expert in numerous other trials. *See Ruvalcaba-Garcia*, 923 F.3d at 1190. Her testimony about common patterns among children who allege sexual abuse was similar to other general testimony that this court has found relevant and admissible in previous child sexual abuse cases. Further, the court properly instructed the jury regarding the limited use of her testimony, and Heil offered no opinion on the ultimate issue of whether the victims were being truthful. *Cf. United States v. Bighead*, 128 F.3d 1329, 1330–31 (9th Cir. 1997) (per curiam); *United States v. Antone*, 981 F.2d 1059, 1062 (9th Cir. 1992).

Alternatively, even if it were error to admit Heil's testimony, any error was harmless. Heil's testimony was a very small portion of the four-day jury trial, and Heil did not personally examine the victims or express any opinions on their veracity. The jury heard direct testimony from both victims, supported by consistent

---

[1] *Daubert v. Merrell Dow Pharms. Inc.*, 509 U.S. 579 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).

3

statements made to two different nurse practitioners near the time of the abuse, and testimony of similar abuse from a prior victim. In considering the totality of the record, it is more probable than not Heil's testimony did not materially affect the verdict. *See United States v. Torres*, 794 F.3d 1053, 1063–64 (9th Cir. 2015).

III.

Lane argues that the district court plainly erred by failing to give a "dual-role" instruction regarding the testimony of Nurse Practioners Kigundu and Clinton. Where a defendant does not object to jury instructions at trial, this court reviews for plain error. *United States v. Sanders*, 421 F.3d 1044, 1050 (9th Cir. 2005). The defendant must show there is "(1) error, (2) that is plain, and (3) that affects substantial rights," and "(4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (alterations omitted) (quoting *Johnson v. United States*, 520 U.S. 461, 466–67 (1997)).

Assuming without deciding that the district court incorrectly instructed the jury that Kigundu and Clinton testified as expert witnesses, the failure to give a dual-role instruction was not plain error. The cases relied on by Lane involve law enforcement agents who provided hybrid fact and expert testimony about drug trafficking or alien smuggling operations. *See, e.g.*, *United States v. Vera*, 770 F.3d 1232, 1243 (9th Cir. 2014); *United States v. Torralba-Mendia*, 784 F.3d 652, 659 (9th Cir. 2015). These cases offer no guidance regarding whether a court must offer

4

a "dual role" instruction in the circumstances presented here. As such, there was no plain error: one "so clear-cut, so obvious, [that] a competent district judge should be able to avoid it without benefit of objection." *Sanders*, 421 F.3d at 1051 (quoting *United States v. Turman*, 122 F.3d 1167, 1170 (9th Cir. 1997), *abrogated on other grounds by Henderson v. United States*, 568 U.S. 266 (2013)). Nor can Lane show that the district court's allegedly erroneous expert-witness instruction affected his substantial rights. *See United States v. Gear*, 985 F.3d 759, 765 (9th Cir. 2021).

IV.

The prosecutor's unobjected-to comment in closing argument about a witness who had been a previous victim of the defendant did not constitute plain error and reversible prosecutorial misconduct. The comment reasonably described the evidence submitted at trial (that the victim had been afraid to come forward about Lane's abuse until she learned of J.B. and E.B.'s allegations), *see United States v. Rude*, 88 F.3d 1538, 1548 (9th Cir. 1996), was an isolated portion of the closing argument, and the jury had been properly instructed that it could not convict Lane on the basis of uncharged conduct, *see United States v. Audette*, 923 F.3d 1227, 1239 (9th Cir. 2019). Viewed in context, this remark did not rise to the level of plain error.

## V.

The district court properly exercised its discretion by providing a curative jury instruction, rather than granting a mistrial, after it had admonished defense counsel at a sidebar based on a mistaken belief that counsel was disputing an evidentiary ruling. The entire conversation between the judge and defense counsel occurred at a sidebar, not openly in front of the jury. To the extent the jury could observe demeanor and tell that the judge was irritated with counsel, the judge adequately addressed the issue with a curative instruction. *See United States v. Allen*, 425 F.3d 1231, 1236 (9th Cir. 2005). The extreme remedy of a mistrial was not warranted in this situation. *See Audette*, 923 F.3d at 1241 (affirming denial of motion for mistrial where there was no "definite and firm conviction that the court below committed a clear error of judgment") (quoting *United States v. English*, 92 F.3d 909, 912 (9th Cir. 1996)).

## VI.

We will consider whether individual errors, which do not separately rise to the level of reversible error, may have a cumulative effect that is so prejudicial as to require reversal. *United States v. Necoechea*, 986 F.2d 1273, 1282 (9th Cir. 1993). However, the only error, noted above, was the failure to expressly rule on the reliability of the government's expert, which was harmless. A single error

6

presents no "cumulative" error to review.  *United States v. Solorio*, 669 F.3d 943, 956 (9th Cir. 2012).

## VII.

Finally, Lane argues that the Indian Major Crimes Act, 18 U.S.C. § 1153, violates the Equal Protection Clause of the Fifth Amendment.  He acknowledges this argument is foreclosed by our precedent in *United States v. Zepeda*, 792 F.3d 1103, 1113 (9th Cir. 2015) (en banc), and raises the issue only to preserve it for further review.

**AFFIRMED.**