**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 3 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10122 |
| Plaintiff-Appellee, | D.C. Nos. 3:18-cr-08249-SPL-1 3:18-cr-08249-SPL |
| v. | |
| JARRETT JAMES, AKA Jerrett James, AKA Garrett Yazzie, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Argued and Submitted July 27, 2021
San Francisco, California

Before: McKEOWN and NGUYEN, Circuit Judges, and LAMBERTH,** District Judge.

On October 18, 2019, a jury convicted Jarrett James of aggravated sexual abuse of a child in violation of 18 U.S.C. §§ 1153, 2241(c), and 2246; abusive sexual contact with a child in violation of 18 U.S.C. §§ 1153, 2244(a)(5), and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Royce C. Lamberth, United States District Judge for the District of Columbia, sitting by designation.

2246; and sexual abuse of a minor in violation of 18 U.S.C. §§ 1153, 2243(a), and 2246. On March 16, 2020, the district court sentenced James to three concurrent life sentences of imprisonment, one 180-month term of imprisonment to run concurrently with the life sentences, and a term of lifetime supervised release. On appeal, James raises a host of challenges to his convictions and sentences. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1. Reviewing for abuse of discretion, we affirm the admission of Dr. Wendy Dutton's expert testimony. *See Est. of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 462 (9th Cir. 2014) (en banc), *overruled on other grounds by United States v. Bacon*, 979 F.3d 766 (9th Cir. 2020) (en banc).

James first argues that the district court abandoned its "gatekeeper" role by failing to make an explicit finding that Dr. Dutton's testimony was reliable. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993). James is wrong. After limiting the scope of Dr. Dutton's testimony and permitting defense counsel to conduct voir dire, the district court ruled that "under these circumstances . . . [and] for her limited purpose," Dr. Dutton "can offer reliable and relevant testimony." The district court thus fulfilled its gatekeeper role. *See United States v. Ruvalcaba-Garcia*, 923 F.3d 1183, 1190 (9th Cir. 2019) (per curiam) (explaining that the district court must "make an explicit reliability finding" to satisfy its gatekeeper function (quoting *United States v. Jawara*, 474 F.3d 565,

2

582–83 (9th Cir. 2007))); *United States v. Alatorre*, 222 F.3d 1098, 1105 (9th Cir. 2000).

Nor was the district court's reliability determination an abuse of discretion. Dr. Dutton testified generally about the attributes of abused children, the field of research pertaining to sexual abuse, and her 35 years of experience working in the field. The record amply supports the district court's conclusion that Dr. Dutton could testify reliably about these topics. The government's filings and Dr. Dutton's testimony detailed her training, experience, and education, as well as the literature and research on which her opinions relied. *Cf. Daubert*, 509 U.S. at 593 ("Another pertinent consideration is whether the theory or technique has been subjected to peer review and publication.").

Dr. Dutton's testimony did not invade the province of the jury. This Court has previously rejected the arguments that James raises here. *See United States v. Hadley*, 918 F.2d 848, 852 (9th Cir. 1990) (holding that expert testimony about the "general behavior characteristics that may be exhibited in children who have been sexually abused" was admissible because it "assisted the trier of fact in understanding the evidence" (cleaned up) (quoting *United States v. Binder*, 769 F.2d 595, 602 (9th Cir. 1985))); *United States v. Bighead*, 128 F.3d 1329, 1331 (9th Cir. 1997) (per curiam) (rejecting the argument that an expert's testimony constituted "improper buttressing, as [the expert] testified only about 'a class of

3

victims generally,' and not the particular testimony of the child victim in th[e] case" (quoting *Hadley*, 918 F.2d at 852)). The Supreme Court's holding in *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), about when the *Daubert* gatekeeping obligation applies has no effect on these particular holdings in *Hadley* and *Bighead*. *See United States v. Halamek*, 5 F.4th 1081, 1088 (9th Cir. 2021).

As Dr. Dutton's testimony was probative and properly considered by the jury, James's argument under Federal Rule of Evidence 403 must fail as well. James identifies no specific prejudicial effect of Dr. Dutton's testimony and thus the district court did not abuse its discretion by admitting it. *See Hadley*, 918 F.2d at 853.

2. James next argues that the district court should have given a "dual-role" jury instruction concerning nurse practitioner Carol Gora's testimony. This Circuit has ordinarily required such an instruction in the context of law-enforcement agents providing hybrid lay and expert testimony about drug trafficking or alien smuggling. *See, e.g.*, *United States v. Vera*, 770 F.3d 1232, 1246 (9th Cir. 2014). [1]

---

[1] To the extent that James's complaints are directed at the admission of statements from Ms. Gora that were outside the scope of lay witness testimony, James does not develop any argument that this was an abuse of discretion. Nor does he develop any argument that the district court abused its discretion by admitting statements from Ms. Gora that were based on hearsay. James thus forfeited these challenges. *See, e.g.*, *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003) (holding that this court will not ordinarily consider matters "that are not specifically and distinctly argued in appellant's opening brief" (quoting *United States v. Ullah*, 976 F.2d 509, 514 (9th Cir. 1992))).

But even assuming that Ms. Gora provided hybrid testimony here, any purported instructional error was harmless for the reasons explained below. *See United States v. Freeman*, 498 F.3d 893, 905 (9th Cir. 2007).

When viewing the purported errors "in the context of the entirety of [the witness's] testimony and other evidence offered by the government," the error "was more probably harmless than not." *Id.* Notably, many of the relevant "concerns" that motivate this Court's dual-role holdings were absent. *Id.* at 902–03. Ms. Gora was never qualified as an expert. The limited forms of "expert testimony" that James identifies thus lacked the judicial "imprimatur of scientific or technical validity" that could result in "unmerited credibility" for Ms. Gora's lay testimony. *Id.* at 903. Nor was James inhibited in his ability to cross examine Ms. Gora about her lay testimony. *See id.* Instead, James *relied* on Ms. Gora's testimony and the lack of physical findings during her examinations to impeach the victims' testimony. The victims' testimony was corroborated by Ms. Gora's testimony and the evidence that James had engaged in this type of conduct before. Finally, the district court gave a jury instruction that was substantially similar to the dual role instruction: the jury was permitted to "believe everything [the] witness says, or part of it, or none of it." *See* U.S. Court of Appeals for the Ninth Circuit, Manual of Model Jury Instructions (2010 ed., updated Dec. 2019), Instruction 4.15. Any purported instructional error was harmless.

3. During their medical examinations with Ms. Gora, BIB and BB identified James as their abuser and described his acts of abuse. Over a hearsay objection, the district court permitted Ms. Gora to testify at trial about these statements. Reviewing for an abuse of discretion, *see United States v. Johnson*, 875 F.3d 1265, 1278 (9th Cir. 2017), we reject James's challenge to the admission of this testimony under Federal Rule of Evidence 803(4).

The rule against hearsay does not preclude the admission of evidence if it "(A) is made for—and is reasonably pertinent to—medical diagnosis or treatment; and (B) describes medical history; past or present symptoms or sensations; their inception; or their general cause." Fed. R. Evid. 803(4). This Court has recognized that "statements by a victim identifying her sexual abuser are admissible under the medical examination exception." *United States v. JDT*, 762 F.3d 984, 1003 (9th Cir. 2014) (quoting *United States v. George*, 960 F.2d 97, 99 (9th Cir. 1992)) (collecting cases).

Considering the surrounding circumstances, the district court did not abuse its discretion by concluding that BIB and BB's statements were made for purposes of medical diagnosis or treatment. *See id.* Prior to the statements, Ms. Gora conducted a full physical examination and examined the girls' genital areas. The examination took place in the pediatric wing of Flagstaff Medical Center. *See United States v. Kootswatewa*, 893 F.3d 1127, 1133 (9th Cir. 2018) (finding that

6

interview's taking place at Flagstaff Medical Center weighed in favor of admissibility). Gora asked open-ended questions to determine BB and BIB's medical histories and whether they had any pain. *See id.* (nurse practitioner obtained victim's medical history). Both BB and BIB testified that they understood that they were being seen by a medical professional (specifically, a nurse). *See id*. While several days had passed since the most recent abusive incident, the district court did not abuse its discretion by concluding that the statements were made for purposes of medical diagnosis or treatment.

4. Reviewing for an abuse of discretion, *see United States v. LeMay*, 260 F.3d 1018, 1027 (9th Cir. 2001), we affirm the district court's decision to admit testimony that James previously molested his sister ("TJ") under Federal Rules of Evidence 414 and 403.[2]

James does not dispute that the testimony about James's prior sexual acts could be admitted under Rule 414, provided that the testimony is also admissible under Rule 403's balancing test. Indeed, the evidence of prior sexual misconduct was highly probative of James's propensity to commit the crimes charged. *See id.* at 1028–29. When evidence is admissible under Rule 414, this Court has articulated a non-exhaustive list of factors (the "*LeMay* factors") for district courts

---

[2] We reject James's constitutional challenge to Rule 414. That argument is squarely foreclosed by precedent in this Circuit. *See LeMay*, 260 F.3d at 1031.

to consider in their Rule 403 analysis. *See id.* at 1028. These factors include (1) the similarity of the prior acts to the acts charged, (2) the closeness in time of the prior acts to the acts charged, (3) the frequency of the prior acts, (4) the presence or lack of intervening circumstances, and (5) the necessity of the evidence beyond the testimonies at trial. *Id.*

The district court did not abuse its discretion in the application of these factors. James is wrong that the district court "did little more than reference" the factors and Rule 403. After making clear that it considered the parties' relevant filings and oral argument on this issue, the district court identified and listed all of the *LeMay* factors in its ruling. It then relied on several factors in its oral ruling holding that the testimony was admissible. It found that the acts in both cases were similar, the prior acts had occurred more than once, and TJ's testimony would be "helpful" at trial. This Circuit has explained that "[p]rior acts evidence need not be *absolutely necessary* to the prosecution's case in order to be introduced; it must simply be helpful or *practically necessary*." *Id.* at 1029. Here, TJ's testimony served a "helpful" purpose at trial—bolstering and rehabilitating BIB and BB's credibility, on which the government relied to prove James's guilt beyond a reasonable doubt. *See id.* The district court did not abuse its discretion by permitting TJ to testify about James's prior sexual acts.

8

5. Reviewing for abuse of discretion, *see United States v. Klinger*, 128 F.3d 705, 709 (9th Cir. 1997), we affirm the district court's decision to exclude Carli Moncher's testimony on the basis of her blanket invocation of her Fifth Amendment privilege against self-incrimination.

In *United States v. Tsui*, this Court held that "[a] trial court may sustain a claimed right to refuse to testify if the court, based on its knowledge of the case and of the testimony expected from the witness, can conclude that the witness could 'legitimately refuse to answer essentially all relevant questions.'" 646 F.2d 365, 368 (9th Cir. 1981) (quoting *United States v. Goodwin*, 625 F.2d 693, 701 (5th Cir. 1980)). In this case, the district court not only benefited from arguments and proffers from the government, the defense, and Ms. Moncher's attorney, but it also had its own unique familiarity with the facts surrounding Ms. Moncher's potential criminal liability. The district court explained that it was aware of the additional charges that Ms. Moncher faced from an ex parte, in camera review of Ms. Moncher's charging decision, and from its contemporaneous handling of another case on its docket in which Ms. Moncher was a witness.

Additionally, based on the information in Ms. Moncher's related federal and state criminal cases, Ms. Moncher's attorney explained that Ms. Moncher still faced criminal exposure so she would refuse to answer any questions. Indeed, Ms. Moncher was a prolific witness for the federal and state governments. Questions

9

concerning deficiencies in her interview process and her bias directly implicated her prior testimony and the processes subject to the federal government's criminal investigation. It is not implausible that testimony concerning these subjects could "lead to evidence having a tendency to incriminate" her. *Id.* at 367–68. The district court thus did not abuse its discretion by excluding Ms. Moncher's testimony.

6. We reject James's argument that the district court erred by limiting his cousin's testimony at sentencing. Because James did not object below, this claim is reviewed for plain error. *See United States v. Ameline,* 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc).

First, the district court properly considered the factors under 18 U.S.C. § 3553(a) and provided James with an opportunity to speak at sentencing (he declined). Next, the district court did not plainly err under Federal Rule of Criminal Procedure 32. *See, e.g.*, *United States v. Houston*, 217 F.3d 1204, 1209 (9th Cir. 2000) ("Although [Fed. R. Crim. P.] 32(c)(1) requires that the court 'afford counsel for the defendant . . . an opportunity to comment on the probation officer's determinations and on other matters relating to the appropriate sentence,' the court is left to its 'discretion' whether it 'permit[s] the parties to introduce testimony or other evidence on the objections.'" (alterations in original) (quoting Fed. R. Crim. P. 32(c)(1))). Nor did the district court plainly violate James's due process rights. *See United States v. Laurienti*, 731 F.3d 967, 972 (9th Cir. 2013) ("[T]here is no

general right to an evidentiary hearing at sentencing." (quoting *United States v. Real-Hernandez*, 90 F.3d 356, 362 (9th Cir. 1996))).

Nor did the district court plainly err under 18 U.S.C. § 3661. That statute recognizes the sentencing court's discretion while expressly stating that limitations shall not be placed on the information that the sentencing court "*may* receive and consider." 18 U.S.C. § 3661 (emphasis added); *see United States v. Watts*, 519 U.S. 148, 151 (1997) (describing § 3661 as Congress's codification of "the longstanding principle that sentencing courts have broad *discretion* to consider various kinds of information" (emphasis added)).

7. James's challenge to the constitutionality of the Indian Major Crimes Act, 18 U.S.C. § 1153, is squarely foreclosed by this Circuit's decision in *United States v. Zepeda*, 792 F.3d 1103 (9th Cir. 2015) (en banc).

8. Because James identifies at most one error, and it was harmless, his claim for cumulative error fails as well. *See United States v. Solorio*, 669 F.3d 943, 956 (9th Cir. 2012). We have considered James's other arguments, and they are without merit.

**AFFIRMED.**