NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 27 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-566 |
| Plaintiff - Appellee, | D.C. No. 3:19-cr-08091-MTL-1 |
| v. | |
| BRIAN RIGGS, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Michael T. Liburdi, District Judge, Presiding

Argued and Submitted July 11, 2024
San Francisco, California

Before: HIGGINSON, MENDOZA, and DESAI, Circuit Judges.**

Brian Riggs was charged for the killing of his roommate and boyfriend,

Gary Martinez. Following a seven-day trial, the jury returned a guilty verdict for

second-degree murder, in violation of 18 U.S.C. §§ 1153 and 1111. Riggs appeals

his conviction, arguing that the district court erred by admitting Martinez's out-of-

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Stephen A. Higginson, United States Circuit Judge for
the Court of Appeals for the Fifth Circuit, sitting by designation.

court statements; failing to provide a lesser-included-offense jury instruction; violating Rule 11's prohibition on judicial interference; and erroneously admitting expert testimony. We have jurisdiction under 28 U.S.C. § 1291. Reviewing constitutional challenges de novo, *United States v. Singh*, 995 F.3d 1069, 1080 (9th Cir. 2021), and evidentiary challenges for abuse of discretion, *United States v. Johnson*, 875 F.3d 1265, 1278 (9th Cir. 2017), we vacate Riggs's conviction and remand for a new trial.

1.     The Confrontation Clause bars admission of testimonial out-of-court statements by a non-testifying declarant. *See Crawford v. Washington*, 541 U.S. 36, 53–55 (2004). A statement is "testimonial when the circumstances objectively indicate that there is no [] ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution." *Davis v. Washington*, 547 U.S. 813, 822 (2006). A conversation "which begins as an interrogation to determine the need for emergency assistance" can "evolve into testimonial statements," once the ongoing emergency ends. *Id.* at 828 (cleaned up).

Here, the district court admitted officer testimony and body-cam footage of two prior instances where Martinez told officers that Riggs allegedly assaulted him. The objective circumstances indicate that the primary purpose of the officers' interrogation of Martinez was "to establish or prove past events potentially

relevant" to a prosecution against Riggs. *Id.* at 822. Both encounters involved officers calmly questioning Martinez about "past events" as opposed to "events that were actually happening." *Id.* at 827. At no point during these interrogations did Martinez indicate that Riggs was a continued threat to anyone, and Martinez was alone with the officers and safe from harm during the questioning. And even if there was an ongoing emergency when the officers initially arrived on the scene, by the time Martinez identified Riggs as the assailant, it was clear that "what appeared to be a public threat [was] actually a private dispute" with no ongoing emergency. *Michigan v. Bryant*, 562 U.S. 344, 365 (2011). Therefore, the district court was required "[t]hrough *in limine* procedure" to "redact or exclude the portions of [Martinez's] statement[s] that have become testimonial, as [courts] do, for example, with unduly prejudicial portions of otherwise admissible evidence." *Davis*, 547 U.S. at 829. The district court failed to do so, instead categorically admitting the entire conversations under the belief that there was an ongoing emergency. Accordingly, the district court erred by admitting Martinez's testimonial statements.[1]

The government failed to demonstrate that this error was harmless beyond a reasonable doubt. *See United States v. Nguyen*, 565 F.3d 668, 675 (9th Cir. 2009).

---

[1] On remand, the district court should carefully parse through the testimony to determine, on first instance, which of the statements, if any, may not violate the Confrontation Clause under the guidance we outlined above.

3

The district court described this case as "circumstantial" with "a lot of missing pieces," highlighting the lack of a "theory of how the defendant allegedly murdered the victim," and the missing murder weapon. In contrast, the erroneous admission included a play-by-play breakdown of prior assaults on the victim supplemented by video evidence and two officers' testimonies. These admissions—highlighting in detail Riggs's prior assaults—were presented to the jury at the end of a seven-day trial. Although the district court provided a limiting instruction, the jurors may have walked into the deliberation room focused on Riggs's prior bad acts instead of the evidence tying Riggs to the crime alleged. *Cf. Nguyen*, 565 F.3d at 675. Therefore, we vacate Riggs's conviction and remand for retrial.

2. The district court abused its discretion by admitting Martinez's statements under the excited utterance, medical diagnosis, and residual catch-all hearsay exceptions.[2] We address each one in turn.[3] First, an "out-of-court

---

[2] Similar to the Confrontation Clause analysis, we have difficulty assessing the district court's broad conclusions regarding the hearsay exceptions. We therefore do not categorically conclude that none of the hearsay exceptions could apply to any statements. On remand, the district court should proceed through the body-camera footage on a statement-specific basis, to determine which hearsay exception is tethered to individual statements or categories of statements.

[3] The government forfeited any argument that Martinez's statements are admissible under the present sense impression exception, Fed. R. Evid. 803(1), by not raising the issue in its answering brief. *See United States v. Dreyer*, 804 F.3d 1266, 1277 (9th Cir. 2015).

statement must be nearly contemporaneous with the incident described and made with little chance for reflection," to be admissible under the excited utterance exception. *Bemis v. Edwards*, 45 F.3d 1369, 1372 (9th Cir. 1995); Fed. R. Evid. 803(2). On both encounters, it took officers and paramedics roughly ten to twenty minutes to arrive on the scene, giving Martinez "ample time to reflect upon his statements" before speaking to the police and paramedics; therefore, the excited utterance exception did not apply. *United States v. Faust*, 850 F.2d 575, 586 (9th Cir. 1988). Second, Martinez's statements to the police were not made for the purpose of medical treatment; therefore, we do not have any "assurance that the statements are particularly likely to be truthful." *United States v. Kootswatewa*, 893 F.3d 1127, 1133 (9th Cir. 2018); Fed. R. Evid. 803(3). With respect to statements Martinez made to the paramedics, any statements identifying Riggs as his assailant were inadmissible. While a domestic violence victim's statements identifying an abuser may be pertinent to medical treatment in some circumstances, here there is no evidence that Riggs's identity was relevant to the paramedics' treatment of Martinez's various scrapes, bruises, and physical ailments. *See United States v. JDT*, 762 F.3d 984, 1004–05 (9th Cir. 2014). Lastly, the district court concluded that the body-cam footage gave Martinez's statements a "sufficient guarantee[] of trustworthiness" to be admissible under the catch-all exception. Fed. R. Evid. 807. But a recording of a statement is not

5

among the "rare[] and [] exceptional circumstances" necessary to invoke this exception, and Martinez's statements did not otherwise have the "circumstantial guarantees of trustworthiness equivalent to those present in the traditional exceptions to the hearsay rule." *Fong v. American Airlines*, 626 F.2d 759, 763 (9th Cir. 1980). Therefore, the district court erred by relying on the residual catch-all exception. *Id.*

3. Riggs contends that the district court violated Federal Rule of Civil Procedure 11(c)(1) ("Rule 11") by improperly participating in plea discussions. Because Riggs did not raise this issue below, we review it for plain error. *United States v. Bruce*, 976 F.2d 552, 554 (9th Cir. 1992), *abrogated on other grounds by United States v. Davila*, 569 U.S. 597, 610–12 (2013). We have "emphasize[d] that Rule 11(c)(1) is intended to eliminate all judicial pressure from plea discussions." *United States v. Kyle*, 734 F.3d 956, 963 (9th Cir. 2013). Here, the district court repeatedly inquired about any potential plea deals, including asking the parties on the eve of trial if there was "any chance" they would file a notice of intent to change of plea. While these statements came close to crossing the "line into giving an express or implied judicial imprimatur," *United States v. King*, 985 F.3d 702, 712 (9th Cir. 2021), the record does not show that they "shap[ed] plea bargains or persuad[ed] [Riggs] to accept [any] particular terms." *Kyle*, 734 F.3d at 963 (quoting *United States v. Frank*, 36 F.3d 898, 902 (9th Cir. 1994)).

Therefore, we find that the district court did not violate Rule 11.

4.      Riggs also contends that the district court erred by refusing to give a lesser included offense instruction of "voluntary manslaughter." The government does not dispute that voluntary manslaughter is a lesser included offense of murder. *See United States v. Anderson*, 201 F.3d 1145, 1148 (9th Cir. 2000). Therefore, the only question before us is whether the district court abused its discretion in finding that a jury could not rationally find Riggs guilty of voluntary manslaughter. *United States v. Arnt*, 474 F.3d 1159, 1163 (9th Cir. 2007). To support a theory of voluntary manslaughter, there must be evidence of adequate "provocation," such "as would arouse a reasonable and ordinary person to kill someone." *United States v. Wagner*, 834 F.2d 1474, 1487 (9th Cir. 1987) (cleaned up). We have found that "a physical altercation between two people can constitute sufficient provocation to reduce second-degree murder to voluntary manslaughter," but there must be evidence of an altercation, and evidence that the altercation provoked the defendant to kill. *United States v. Roston*, 986 F.2d 1287, 1291 (9th Cir. 1993). No evidence was introduced at trial that Martinez did or said anything to provoke Riggs to violence. Therefore, the district court did not err in finding there was no evidence to support a voluntary manslaughter theory.

5.      Lastly, Riggs contends that the district court violated the Confrontation Clause by permitting an expert to testify using DNA profiles

7

produced by other, non-testifying analysts.  The Supreme Court recently addressed

this issue in *Smith v. Arizona*, 144 S. Ct. 1785, 1788 (2024).  Should this issue

arise again, we instruct the district court to apply *Smith* on first instance.

**VACATED AND REMANDED.**